b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CONNIE JUNGEMANN, Plaintiff | CIVIL DOCKET NO. 1:22-CV-02315 |
| VERSUS | DISTRICT JUDGE SUMMERHAYS |
| DEPARTMENT OF STATE LOUISIANA, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Defendants R. Kyle Ardoin (in his official capacity as the Louisiana Secretary of State) ("Secretary Ardoin") and the State of Louisiana ("the State") filed a Motion to Dismiss or, Alternatively, to Transfer Case (ECF No. 16).

Because Plaintiff Connie Jungemann ("Jungemann") does not have a private right of action under the Louisiana Election Code, the Help America Vote Act of 2002 ("HAVA"), or the Federal Election Records laws, Defendants' Motion to Dismiss (ECF No. 16) should be GRANTED, and Jungemann's action should be DISMISSED.

### I. Background

Jungemann filed a *pro se* Complaint (ECF No. 1) and an Amended Complaint (ECF No. 3). In her Amended Complaint, Jungemann alleges violations of: the Louisiana Election Code, La. R.S. 18:424, La. R.S. 18:1351, La. R.S. 18:1353, and La. R.S. 18:1363[1]; the Help America Vote Act of 2002 ("HAVA"), P.L. 107-252, 116 Stat.

---

[1] La. R.S. 18:1351 is "Definitions" for the Louisiana Election Code. La. R.S. 18:1353 is "Secretary of state; powers and duties; voting systems and system components; voter

1666 (10/29/2002), 52 U.S.C. § 20971[2] (formerly 42 U.S.C. § 15371); and the Federal Elections Records laws, 52 U.S.C. § 20701, *et seq.* Jungemann asserts federal question jurisdiction and supplemental jurisdiction.

Jungemann contends that: (1) uncertified voting machines were used in Louisiana statewide general elections in November of 2020 and 2021, in violation of Louisiana Election Code, and that those machines were vulnerable to hacking; (2) Defendants failed to provide proof that the voting machines were certified prior to the November 3, 2020 general election; and (3) Defendants "fraudulently allowed" voters in Louisiana to vote on uncertified machines in 2020 and 2021, thereby rendering the results void. Jungemann seeks: injunctive relief to preserve voting records and to prevent the use of Louisiana's uncertified electronic voting machines in any further elections; an investigation of Louisiana elections; and to have Louisiana's 2020 and 2021 general elections voided on the basis of fraud. ECF Nos. 1 at 19-20; 3 at 14-15.

Defendants filed a Motion to Dismiss for Failure to State a Claim or for Lack of Jurisdiction, or Alternatively to Transfer Case to the Middle District of Louisiana. ECF No. 16. Jungemann opposes that Motion. ECF No. 20.

---

registration." La. R.S. 18:1363 provides "Number of machines; allocation to precincts; exception; reserve machines." And La. R.S. 18:424 provides for "Commissioner-in-Charge.

[2] Section 20971 provides for certification and testing of voting systems.

II. <u>Law and Analysis</u>

Jungemann seeks to enforce the voting machine certification requirements, to preserve voting records, and to invalidate the November 2020 and November 2021 general election results pursuant to the Louisiana Election Code, La. R.S. 18:1, *et seq.* and HAVA.

    A. <u>Jungemann does not have a private right of action under the Louisiana Election Code.</u>

The Louisiana Election Code, La. R.S. 18:1, *et seq.,* does not provide any private right of action. *See Soudelier v. Department of State Louisiana*, 2022 WL 3686422, at *1 (E.D. La. 2022), *appeal filed,* No. 22-30809 (5th Cir. 12/27/2022) (citing *Treen v. Republican Part of Louisiana,* 1999-2073 (La. App. 1st Cir. 9/22/00), 768 So. 2d 273, 279 ("[T]he Louisiana Election Code does not provide for a citizen's suit, or 'qui tam action' for the enforcement of regulatory statutes against violators if the district attorney or attorney general fails to enforce the code."). The provisions of the Louisiana Election Code that are penal in nature can only be enforced by duly-elected prosecutorial authorities. *See Treen,* 768 So.2d at 279 (citing *Sierra Club v. Givens,* 97-0959 (La. App. 1st Cir. 9/26/97), 710 So.2d 249, 250 n. 2, *writ den.,* 97-CC-2661 (La. 1/9/98), 705 So.2d 1106 ("Where a state agency fails to do its job, as perceived by the electorate, the solution is a political one. In extreme cases, the district attorney (and only the district attorney) is empowered to bring criminal malfeasance charges

against a public official when he '[i]ntentionally refuse[s] or fail[s] to perform any duty lawfully required of him, as such officer . . . .' La. R.S. 14:134.").

Because Jungemann does not have a private right of action under the Louisiana Election Code, those claims should be dismissed.

### B. Jungemann does not have a private right of action under HAVA.

HAVA does not provide a right of action for declaratory relief. *See Morales-Garza v. Lorenzo-Giguere,* 277 Fed. Appx. 444, 446 (5th Cir. 2008), *cert den.,* 555 U.S. 971 (2008) (citing *Sandusky County Democratic Party v. Blackwell,* 387 F.3d 565, 572 (6th Cir. 2004); *Latinos for Trump v. Sessions,* 2021 WL 272215, at *2 (W.D. Tex. 2021). Nor does HAVA itself create any other private right of action. *See Sandusky County Democratic Party,* 387 F.3d at 572; *Soudelier*, 2022 WL 3686422, at *1; *Latinos for Trump,* 2021 WL 272215, at *2; *Texas Voters Alliance v. Dallas County,* 495 F. Supp. 3d 441, 459 (E.D. Tex. 2020) ("HAVA does not expressly confer a private cause of action for enforcement purposes.").

Accordingly, those claims should also be dismissed.

### C. Jungemann does not have a private right of action under the Federal Election Records laws.

Likewise, the Federal Election Records laws, 52 U.S.C. § 20701, *et seq,* do not confer a private right of action for preservation of records. *See Soudelier*, 2022 WL 3686422, at *1 (citing *Fox v. Lee*, 2019 WL 13141701, at *1 (N.D. Fla. 2019)). Instead,

4

the enforcement mechanism rests with the Attorney General of the United States or his representative. *See id.*

Those claims should be dismissed as well.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Defendants' Motion to Dismiss (ECF No. 16) be GRANTED, and that Jungemann's action be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this ___21st___ day of July 2023.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge