UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **CONNIE JUNGEMANN** | **CASE NO. 1:22-CV-02315** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **DEPT OF STATE LOUISIANA** | **MAGISTRATE JUDGE PEREZ-MONTES** |

### RULING ON OBJECTION

On July 21, 2023, Magistrate Judge Perez-Montes entered a Report and Recommendation ("R&R") recommending that the Court grant the Defendants' Motion to Dismiss and Alternative Motion to Transfer[1] [ECF No. 16] filed by defendants R. Kyle Ardoin (in his official capacity as the Louisiana Secretary of State) and the State of Louisiana ("Defendants"). The Magistrate Judge recommended that the motion be granted and that plaintiff Connie Jungemann's claims be dismissed with prejudice. Jungemann filed an objection to the R&R [ECF No. 27]. For the reasons that follow, the Court ADOPTS the R&R in part and REJECTS the R&R in part. The Court orders that the case be dismissed for lack of jurisdiction and that Defendants' Motion to Dismiss be denied as moot.

### I.
### BACKGROUND

The Court adopts the Magistrate Judge's statement of the factual background of the case as follows:

> Jungemann filed a *pro se* Complaint (ECF No. 1) and an Amended Complaint (ECF No. 3). In her Amended Complaint, Jungemann alleges violations of: the Louisianan Election Code, La. R.S. 18:424, La. R.S. 18:1351, La. R.S. 18:1353,

---

[1] Defendants also move to dismiss under Rule 12(b)(1) – lack of subject matter jurisdiction. However, their jurisdictional argument is limited to a request that the Court decline to exercise supplemental jurisdiction should the federal claims be dismissed.

1

and La. R.S. 18:1363[2]; the Help America Vote Act of 2002 ("HAVA"), P.L. 107-252, 116 Stat. 1666 (10/29/2002), 52 U.S.C. § 20971[3] (formerly 42 U.S.C. § 15371); and the Federal Elections Records laws, 52 U.S.C. § 20701, *et seq.* Jungemann asserts federal question jurisdiction and supplemental jurisdiction.

Jungemann contends that: (1) uncertified voting machines were used in Louisiana statewide general elections in November of 2020 and 2021, in violation of Louisiana Election Code, and that those machines were vulnerable to hacking; (2) Defendants failed to provide proof that the voting machines were certified prior to the November 3, 2020 general election; and (3) Defendants "fraudulently allowed" voters in Louisiana to vote on uncertified machines in 2020 and 2021, thereby rendering the results void. Jungemann seeks injunctive relief to preserve voting records and to prevent the use of Louisiana's uncertified electronic voting machines in any further elections; an investigation of Louisianan elections; and to have Louisiana's 2020 and 2021 general elections voided on the basis of fraud. ECF Nos. 1 at 19-20; 3 at 14-15.

In the R&R the Magistrate Judge concluded that there are no private rights of action available under the Louisiana Election Code, La. R.S. 18:1, *et seq*, the Help America Vote Act of 2002 ("HAVA"), 52 U.S.C. § 20971, and the Federal Elections Records Laws, 52 U.S.C. § 20701, *et seq.*, which are the only claims asserted by Jungemann. Accordingly, the Magistrate Judge recommends that the Motion to Dismiss be granted on the ground that Jungemann failed to state a claim under federal and Louisiana election laws and recommends that Jungemann's complaint be dismissed with prejudice. Jungemann timely filed an objection to the R&R (the "Objection"), but the Objection does not address the Magistrate Judge's recommendation or even offer any argument germane to that recommendation.[4]

---

[2] La. R.S. 18:1351 is "Definitions" for the Louisianan Election Code. La. R.S. 18:1353 is "Secretary of state; powers and duties; voting systems and system components; voter registration." La. R.S. 18:1363 provides "Number of machines; allocation to precincts; exception; reserve machines." And La. R.S. 18:424 provides for "Commissioner-in-Charge.

[3] Section 20971 provides for certification and testing of voting systems.

[4] Jungemann's Objection quotes the 1883 Supreme Court case of *Missouri Pac. Ry. Co. v. Humes*, 115 U.S. 512, 513 (1885), which was "an action against the Missouri Pacific Railway Company, a corporation created under the laws of that state, to recover in double its value damages for killing a mule, the property of the plaintiff below, of the value of $135," and involved a Fourteenth Amendment substantive due process challenge to a state statute. ECF No. 27. Jungemann does not explain the relevance of the Supreme Court's holding in *Humes* to the present case. *Id.* Beyond this quote, the Objection only restates Jungemann's reasons for filing her case:

2

## II.
## DISCUSSION

The Motion to Dismiss and the R&R focus on whether the federal and state election statutes cited by Jungemann as the basis for her claims create private rights of action. While the Motion to Dismiss does not challenge Jungemann's standing, the Court has an obligation to consider standing as a threshold jurisdictional inquiry.[5] Jurisdiction under Article III of the Constitution requires the presence of a "case or controversy" among the parties to a federal lawsuit.[6] Standing is one aspect of this case-or-controversy requirement.[7] Standing identifies "those disputes which are appropriately resolved through the judicial process,"[8] and "serves to prevent the judicial process from being used to usurp the powers of the political branches."[9] Courts have adopted various "prudential" standing doctrines but Article III standing requires at a minimum, that the plaintiff show (1) an "injury in fact," (2) a "causal connection between the injury and the conduct complained of," and (3) a showing that the injury will likely "be redressed by a favorable decision."[10] The injury-in-fact requirement ensures that the plaintiff has a "personal stake in the outcome of the controversy."[11] The plaintiff's injury must be "concrete, particularized, and actual

---

> Citizens of Louisiana and our great nation have endured four years of our private rights of action forfeited by those who have sworn an oath upon taking office, in accordance with Article VI of the Constitution. Jungemann is now a retired service member who took that very same oath. Jungemann had exhausted her means to contact and work with the Defendants who failed to respond or correct deficiencies, which led to filing her detailed complaint in hopes that the courts would provide remedy under the law.

*Id.* The Objection makes no other argument with respect to the R&R or the Magistrate Judge's conclusion that the state and federal election laws cited by Jungemann do not create private causes of action.

[5] A federal court must address the issue of standing *sua sponte* even if the parties do not raise standing as an issue. *See Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 331-32 (5th Cir. 2002).

[6] U.S. Const. amend. III, § 2; *Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S. Ct. 1540, 1549 (2016).

[7] *Spokeo, Inc.*, 136 S. Ct. at 1549 ("[T]he doctrine of standing derives from [Article III's] case-or-controversy requirement....")

[8] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

[9] *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013).

[10] *Lujan*, 504 U.S. at 560–561.

[11] *Warth v. Seldin*, 422 U.S. 490, 498 (1975) (internal quotation marks omitted).

or imminent ...."[12] The causation element of standing requires that the plaintiff's injury be "fairly traceable to the defendant's allegedly unlawful conduct,"[13] while "redressability" requires a showing that the plaintiff's injury is likely to be redressed by the relief requested in the complaint.[14]

Here, Jungemann alleges that she "brings this complaint to preserve the integrity of Louisiana elections in the voting systems and machines purchased and used for Louisiana elections 2017 and partially in the election of November 3, 2020."[15] Jungemann alleges that she has standing to pursue her claim because she "was a registered voter during the national election of 2020 and Louisiana elections on February 6, 2021, March 20, 2021, June 12, 2021, and November 13, 2021."[16] She apparently alleges that she suffered an "injury in fact" because she is a registered voter and the defendants "failed to meet required legally established laws to ensure a free and fair election injuring the plaintiff and all Louisianians."[17] Jungemann's complaint and allegations are identical to complaints filed in the United States District Courts for the Eastern and Middle District of Louisiana seeking to enforce voting machine certification requirements, preservation of voting records, and invalidation of the November 2020 and November 2021 general election results under the Louisiana Election Code and HAVA.[18] In *Soudelier* and *Jerusalem*, the courts *sua sponte* ordered that the cases be dismissed on the grounds that the plaintiffs lacked Article III standing.[19] Both courts concluded that allegations of harm to Louisiana voters in general resulting from the

---

[12] *Clapper*, 568 U.S. at 409 (quoting *Monsanto v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)).
[13] *Allen v. Wright*, 468 U.S. 737, 751 (1984).
[14] *Id.*
[15] ECF No. 3 at 2.
[16] *Id.* at 3.
[17] *Id.*
[18] *See Soudelier v. Department of State, Louisiana*, et al., No. 22-cv-2436 (E.D. La. filed 1, 2022) (Amended Complaint, ECF No. 3); *Jerusalem v. Department of State, Louisiana*, 22-cv-516 (M.D. La. filed July 28, 2022) (Amended Complaint, ECF No. 4).
[19] *Soudelier*, 22-cv-2436, 2022 WL 17283008 at *4 (E.D. La. Nov. 29, 2022); *Jerusalem*, 22-cv-516, 2023 WL 4537724 at *5-6 (M.D. La. June 26, 2023).

operation of Louisiana's voting system alleged only a "generalized grievance" insufficient to confer standing on the plaintiffs. Other courts have similarly rejected claims based on generalized grievances over the integrity of state voting systems during the 2020 national election and subsequent elections.[20]

The Court agrees with the reasoning of *Soudelier* and *Jerusalem* in light of Supreme Court and Fifth Circuit precedent. To demonstrate an "injury in fact" for purposes of standing, a plaintiff must demonstrate more than a "generalized grievance" that is "plainly undifferentiated and 'common to all members of the public.'"[21] In *Lance*, the court addressed standing in the context of a challenge by voters to a congressional redistricting plan under the Elections Clause.[22] According to the Supreme Court, the "only injury plaintiffs allege is that the law—specifically the Elections Clause—has not been followed."[23] The Supreme Court reasoned that this "injury is precisely the kind of undifferentiated, generalized grievance about the conduct of government that we have refused to countenance in the past."[24] In *Hotze v. Hudspeth*, the Fifth Circuit cited *Lance* in rejecting a claim by candidates running for office that drive-thru voting "hurt the 'integrity' of the election process."[25] Citing *Lance*, the court ruled that "[t]his claim is far too generalized to warrant standing."

---

[20] *See, e.g., Grey v. Jacobsen*, No. 22-82, 2022 WL 9991648, at *4 (D. Mont. Oct. 17, 2022); *Donald J. Trump for President, Inc. v. Boockvar*, 493 F. Supp. 3d 331, 377 (W.D. Pa. 2020); *Bowyer v. Ducey*, 506 F. Supp. 3d 699, 711-12 (D. Ariz. 2020); *Freehan v. Wisconsin Elections Comm'n*, 506 F. Supp. 3d 596, 608 (E.D. Wisc. 2020); *Buras v. Hill*, No. 4:22-CV-753, 2023 WL 4290073, at *6 (E.D. Tex. May 19, 2023), report and recommendation adopted, No. 4:22-CV-753, 2023 WL 4234393 (E.D. Tex. June 28, 2023).
[21] *Lance v. Coffman*, 549 U.S. 437, 440-441 (2007) (quoting *United States v. Richardson*, 418 U.S. 166, 176-77 (1974)); *Hotze v. Hudspeth*, 16 F.4th 1121, 1124 (5th Cir. 2021).
[22] 549 U.S. at 437-38.
[23] *Id.* at 442.
[24] *Id.*
[25] *Hotze*, 16 F. 4th at 1124.

5

In the present case, Jungemann expressly states that she is bringing the case to "preserve the integrity of Louisiana elections and the voting systems . . . ."[26] Instead of alleging facts showing that she suffered some particular, individualized harm, Jungemann alleges harm to herself "*and* all Louisianians."[27] These allegations demonstrate that Jungemann's "election integrity" grievance is common to all Louisiana voters. Accordingly, she asserts precisely the kind of "generalized grievance" resulting from the operation of state election systems that the Supreme Court rejected in *Lance* and that the Fifth Circuit similarly rejected in *Hotze*.

Nor has Jungemann demonstrated standing based on any alleged rights of action created by the federal and state elections statutes she cites. As noted in *Soudelier*, "Congress may create a statutory right or entitlement the alleged deprivation of which can confer standing to sue even where the plaintiff would have suffered no judicially cognizable injury in the absence of statute."[28] In other words, when a plaintiff grounds a claim on a statute, standing turns on whether the statutory provision at issue grants the plaintiff a right to judicial relief. Here, however, the Magistrate Judge concluded that the statutes on which Jungemann bases her claims do not create any private rights of action.[29] The Court agrees with and adopts the Magistrate Judge's conclusions in that regard. Accordingly, Jungemann cannot base standing on a "statutory right or entitlement the alleged deprivation of which can confer standing...."[30]

In sum, Jungemann lacks Article III standing. Her complaint must, therefore, be dismissed for lack of jurisdiction.[31]

---

[26] ECF No. 3 at 2.
[27] *Id.* at 3.
[28] *Soudelier*, 2022 WL 17283008 at *4 (quoting *Wendt v. 24 Hour Fitness U.S.A., Inc.*, 821 F.3d 547, 552 (5th Cir. 2016)).
[29] *See* ECF No. 26 at 5.
[30] *Wendt*, 821 F.3d at 552.
[31] *Ford*, 301 F.3d at 331-32.

## III.
### CONCLUSION

For the foregoing reasons, the Court ADOPTS the R&R with respect to the Magistrate Judge's conclusion that the federal and state election statutes on which Plaintiff bases her claims do not provide private rights of action. In all other respects, the Court REJECTS the recommendation of the Magistrate Judge that Jungemann's claims be dismissed with prejudice for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Instead, the Court concludes that Jungemann's claims should be dismissed without prejudice for lack of jurisdiction because Jungemann has not established Article III standing. Accordingly, the Court orders that Jungemann's Complaint be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. Defendants' Motion to Dismiss and Alternative Motion to Transfer [ECF No. 16] is DENIED AS MOOT.

THUS DONE in Chambers on this 24th day of August, 2023.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE